Compiler

FILED
SUPERIOR COURT
OF GUAM

2013 DEC -3 AM 9: 51

CLERK OF COURT

BY:_____

# IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| TELEGUAM HOLDINGS LLC AND ITS WHOLLY OWNED SUBSIDIARIES,<br><br>                          Plaintiff,<br><br>          v.<br><br>TERRITORY OF GUAM; DEPARTMENT OF ADMINISTRATION, GENERAL SERVICES AGENCY; THE OFFICE OF PUBLIC ACCOUNTABILITY; PACIFIC DATA SYSTEMS, INC.,<br><br>                          Defendants. | CIVIL CASE NO. 0334-13<br><br>**DECISION<br>AND<br>SCHEDULING ORDER** |

## INTRODUCTION

This matter came before the Honorable Arthur R. Barcinas on the 21st day of October, 2013, on receipt by the Court of the briefs of the parties on the issue of the standard of review and scope of discovery in this case. Attorney Elyze Iriarte of Carlsmith Ball LLP represented Plaintiff Teleguam Holdings LLC ("GTA"), Attorney Bill Mann of Berman O'Connor & Mann represented PDS, and Assistant Attorney General Fred Nishihira represented the Government defendants. The Court now issues this decision and scheduling order defining the scope of discovery in this case and scheduling future proceedings in this case.

//

//

## DISCUSSION

### I. Scope of Discovery

Under *Town House Department Stores v. Department of Education*, 2012 Guam 25 ¶ 28, appeals from the Public Auditor are civil actions. Civil actions are governed by the Guam Rules of Civil Procedure. In general, civil litigants are entitled to discovery under the Rules, including initial disclosures, written interrogatories, production of documents, and depositions of expert and non-expert witnesses.

However, Courts have authority under the Rules to confine discovery to appropriate bounds in light of the circumstances of each individual case. For example, Rule 26(a)(1)(E)(i) exempts actions for review on an administrative record from the general rule mandating initial disclosures. Rule 26(a)(1) gives the Court authority to deviate from the default rules governing initial disclosures and craft a discovery plan that is appropriate in the circumstances of the action. And, most importantly, Rule 26(b)(2) gives the Court broad authority to limit discovery.

In the exercise of that authority, the Court notes that, as Judge Posner wrote in *USA Group Loan Services, Inc. v. Riley*, 82 f.3d 708, 715 (7th Cir. 1996), "[d]iscovery is rarely proper in the judicial review of an administrative action. The court is supposed to make its decision on the basis of the administrative record, not create its own record. There are exceptions, summarized in *Animal Defense Council v. Hodel*, 840 F.2d 1432, 1436 (9th Cir. 1988)[.]" One of these exceptions, which GTA argues applies in this case, is the circumstance where "supplementation of the record is necessary to explain technical terms or complex subject matter involved in the agency action." *Animal Defense Council v. Hodel*, 840 F.2d at 1436. GTA argues that discovery relating to certain technical details of the Government of Guam Wide Area Network should be allowed under this exception.

It appears to the Court that the underlying issue in this case is whether the Government's preference for a single provider should have been outweighed by the public's interest in minimizing the cost to the public fisc. Factual evidence helpful to the Court in resolving this issue includes evidence pertaining to the costs, financial and administrative, of establishing and maintaining the single-provider network and GTA's proposed dual-provider network, and the facts and rationale underpinning the Government's preference for a single provider.

The Defendants have raised concerns that discovery in this action would be duplicative of the developed facts on the administrative record below. The Court acknowledges these well-founded concerns.

Accordingly, without rendering an advisory opinion on the permissibility of any particular discovery request, the Court hereby **ORDERS** that the scope of discovery in this matter shall be limited to facts that (1) are relevant to the issues in this case, as outlined above, and (2) were not developed on the administrative record.

The Court's disposition of motions for protective orders will be in accordance with the scope of discovery delineated above.

## II. Scheduling

Taking into consideration the circumstances of this case, which is a procurement dispute and should be resolved quickly, and in light of the limited scope of discovery delineated above, the Court now enters the following Scheduling Order.

### A. Joinder of Parties and Amendment of Pleadings

All parties shall be joined no later than December 9 Discovery shall be completed and all discovery responses shall be tendered to opposing counsel no later than February 7, 2013.

Motions to amend the pleadings shall be filed no later than February 14, 2013.

## B. Discovery

The extent of discovery shall be as delineated above.

Initial disclosures, witness lists, and all other evidence then available shall be exchanged on December 20, 2013.

Interrogatories, requests for production, and requests for admission shall be tendered to opposing counsel no later than January 3, 2014.

Discovery, including depositions, shall be completed and all discovery responses shall be tendered to opposing counsel no later than February 7, 2014.

Discovery motions shall be filed no later than February 14, 2014.

## C. Dispositive Motions

Dispositive motions shall be filed no later than February 28, 2014.

## D. Pretrial and Trial

The first pretrial conference shall be held on January 3, 2014 at 2:00 P.M.

The second pretrial conference shall be held on February 14, 2014 at 2:00 P.M.

Trial materials shall be filed no later than February 21, 2014.

A proposed pretrial order shall be filed no later than February 21, 2014.

The Final Pretrial Conference shall be held on March 5, 2014 at 2:00 P.M.

Bench trial shall be held on March 12, 2014 at 10:00 A.M.

**IT IS SO ORDERED** this day of ___DEC 0 3 2013___.

**HONORABLE ARTHUR R. BARCINAS**
**Judge, Superior Court of Guam**

I do hereby certify that the foregoing is a full true and correct copy of the original on file in the office of the clerk of the Superior Court of Guam. Dated at Hagåtña, Guam

DEC 0 3 2013

Cynthia T. Tiong
Deputy Clerk, Superior Court of Guam

Page 4 of 4